UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MARK W. WEORNER,

        Plaintiff,

v.

STATE OF NEVADA, CLARK COUNTY COURT,

        Defendant.

Case No. 2:17-cv-01356-JCM-CWH

**ORDER**

Presently before the court is pro se Plaintiff Mark W. Weorner's application to proceed *in forma pauperis* (ECF No. 4), filed on June 2, 2017. Also before the Court is Plaintiff's motion for appointment of counsel (ECF No. 7), filed on March 5, 2018.

**I.**     *IN FORMA PAUPERIS* **APPLICATION**

Plaintiff has submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, Plaintiff's request to proceed *in forma pauperis* will be granted.

**II.**     **SCREENING COMPLAINT**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts

in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Further, a Court may dismiss a claim as factually frivolous if its allegations are "clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." D*enton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (internal citations and punctuation omitted). Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Here, Plaintiff's complaint (ECF No. 1-1) alleges that he has been unlawfully deprived of real property by the State of Nevada and Clark County Court. Plaintiff claims that unspecified property valued at more than $200,000 was unlawfully awarded to Carol Perea. Plaintiff does not provide any dates, cite to any case in the Clark County Court, or provide an address or description of the property he alleges was taken from him. Plaintiff's complaint is devoid of any meaningful facts to support his legal conclusions. The Court therefore will recommend dismissal of Plaintiff's complaint without prejudice for the Plaintiff to file an amended complaint.

If Plaintiff chooses to file an amended complaint, the document must be titled "Amended Complaint." The amended complaint must contain a short and plain statement describing the underlying case, the defendant's involvement in the case, and the approximate dates of its involvement. *See* Fed. R. Civ. P. 8(a)(2). Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, Plaintiff still must give a defendant fair notice of the Plaintiff's claims against it and Plaintiff's entitlement to relief.

The amended complaint also must contain a short and plain statement of the grounds for the court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). Regarding jurisdiction, Plaintiff is advised that "[f]ederal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (quotation omitted). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

Additionally, Plaintiff is advised that if he files an amended complaint, the original complaint (ECF No. 1-1) no longer serves any function in this case. As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents. The Court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete.

**III.     Appointment of Counsel**

As for Plaintiff's motion for appointment of counsel, Civil litigants do not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. For example, courts have discretion, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *Ageyman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). The circumstances in which a court will make such a request, however, are exceedingly rare and require a finding of extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986). The difficulties inherent in proceeding pro se do not qualify as exceptional circumstances. *Housewright*, 900 F.2d 1332, 1335-1336 (9th Cir.

1990).  Any pro se litigant "would be better served with the assistance of counsel." *Rand v. Rowland,* 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Wilborn,* 789 F.2d at 1331).

To determine whether the "exceptional circumstances" necessary for appointment of counsel are present, courts evaluate (1) the likelihood of plaintiff's success on the merits and (2) the plaintiff's ability to articulate his claim *pro se* "in light of the complexity of the legal issues involved." *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).  Neither of these factors is dispositive and both must be viewed together.  *Wilborn*, 789 F.2d at 1331.

Here, the court does not find any exceptional circumstances.  Upon review of Plaintiff's complaint and supporting documents, it is not clear that Plaintiff's claims are likely to succeed on the merits.  Further, the claims, such as they are, are not complex.  The Court will therefore deny the motion.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

1     IT IS THEREFORE ORDERED that Plaintiff's Application for Leave to Proceed *In
2 Forma Pauperis* (ECF No. 4) is GRANTED. Plaintiff will not be required to pay the filing fee in
3 this action. Plaintiff is permitted to maintain this action to conclusion without the necessity of
4 prepayment of any additional fees or costs or the giving of a security for fees or costs. This order
5 granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at
6 government expense.

7     IT IS FURTHER ORDERED that the Clerk of the Court must file Plaintiff's complaint
8 (ECF No. 1-1).

9     IT IS FURTHER ORDERED that the complaint (ECF No. 1-1) is DISMISSED without
10 prejudice for failure to state a claim upon which relief can be granted, with leave to amend.

11     IT IS FURTHER ORDERED that Plaintiff shall have thirty days from the date of this
12 order to file an amended complaint. Failure to file an amended complaint will result in a
13 recommendation that this case be dismissed.

14     IT IS FURTHER ORDERED that Plaintiff's motion for appointment of counsel (ECF No.
15 7) is DENIED.

16     DATED: March 27, 2018

18     C.W. HOFFMAN, JR.
       UNITED STATES MAGISTRATE JUDGE